IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Anthony Johnson,** | ) | |
| Plaintiff, | ) | Case No: 15 C 131 |
| v. | ) | |
| | ) | Judge Ronald Guzmán |
| **Bruce Rauner, Lisa Madigan, Hiram Grau, and Traci Newton,** | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss [54] is granted. Civil case terminated.

## STATEMENT

I.    **Facts**

Plaintiff Anthony Johnson is 51 years old and receives disability payments as his primary source of income. (2d Am. Compl. ("SAC"), Dkt. # 52, ¶ 7.) He now temporarily resides in a substance abuse recovery house in Chicago Heights, Illinois. (*Id*.) The Illinois Sex Offender Registration Act ("SORA") requires Plaintiff to register as a "sexual predator" for the rest of his natural life and makes him ineligible for many housing and employment opportunities. (*Id*. ¶ 8.) If he fails to register, Plaintiff will be subject to both a fine and imprisonment. (*Id*. ¶ 9.) In 1983, at the age of 19, Johnson was convicted of rape, deviate sexual assault, and aggravated kidnapping. (*Id*. ¶ 10.) At that time, Illinois did not require sex offender registration. (*Id*.) In 1996, Illinois law changed and he was required to register for ten years from the time of his parole. (*Id*. ¶ 11.) Johnson was registered in accordance with Illinois law in 1996, and subsequently, Plaintiff was required to register through 2014. (*Id*. ¶¶ 12-13.) On December 19, 2013, Plaintiff plead guilty to felony theft. (*Id*. ¶ 14.) The result of this new felony conviction is that Illinois law now labels Johnson a "sexual predator," and subjects him to greater registration requirements. (*Id*. ¶ 15.) The relevant portion of the Illinois Code states as follows:

> A person who previously was required to register under SORA for a period of 10 years and successfully completed that registration period has a duty to register if: (i) the person has been convicted of any felony offense after July 1, 2011, and (ii) the offense for which the 10 year registration was served currently requires a registration period of more than 10 years.

730 Ill. Comp. Stat. § 150/3(c)(2.1). This section became effective on January 1, 2012, so the Court refers to it as the "2012 amendment."

Currently, rape convictions, now labeled "criminal sexual assault," require lifetime registration. (*Id*. ¶ 17.) According to the United States Congress, the purpose of sex offender

registration laws are to protect the public based on arguable empirical evidence that sex offenders experience a higher rate of recidivism than people convicted of other crimes. (*Id*. ¶ 18.)

Plaintiff alleges that as applied to him, SORA violates: his right to substantive due process (Count I), the double jeopardy clause (Count II), and the ex post facto clause (Count III). He seeks both injunctive relief and damages. Plaintiff names as defendants Illinois Governor Bruce Rauner, Illinois Attorney General Lisa Madigan, Director of the Illinois State Police Leo P. Schmitz, and the Illinois State Police Sex Offender Registration Unit Supervisor Traci Newton.

## II. Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Analysis

### A. Substantive Due Process

"Substantive due process is a doctrine limited to impingement on fundamental rights." *Hanson v. Dane County, Wis.*, 608 F.3d 335, 338 (7th Cir. 2010). The parties agree that SORA does not implicate a fundamental right and therefore, the Court reviews the 2012 amendment as applied to Plaintiff for a rational basis. *See Hughes v. Jones*, 40 F. Supp. 3d 969, 987 (N.D. Ill. 2014) ("Where a non-fundamental liberty—sometimes described as a 'harmless liberty,'—is at stake, the government need only demonstrate that the intrusion upon that liberty is rationally related to a legitimate government interest.").

As noted by the Seventh Circuit:

> Under rational basis review, a state law is constitutional even if it is "unwise, improvident, or out of harmony with a particular school of thought." The law must merely "bear [ ] a rational relationship to some legitimate end." It is irrelevant whether the reasons given actually motivated the legislature; rather, the question is whether some rational basis exists upon which the legislature could have based the challenged law. Those attacking a statute on rational basis grounds have the burden to negate "every conceivable basis which might support it."

*Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1071 (7th Cir. 2013) (internal citations omitted).

Defendants contend that it was rational for the Illinois Legislature to pass the 2012 amendment to SORA (which requires a sex offender to register for life as a sexual predator if (i) the person has been convicted of *any* felony offense after July 1, 2011, and (ii) the offense for which the individual's original 10-year registration was served currently requires a registration period of more than 10 years) based on the documented high recidivism rate of sex offenders, even many years following release. (Defs.' Mem. Law Supp. Mot. Dismiss, Dkt. # 55, at 5) (citations omitted). Plaintiff fails to disprove this ground for the amendment, arguing only that the research cited by Defendants relates to pedophilia and crimes against children, neither of which he was convicted. But it is conceivable that the Illinois legislature believed the risk of recidivism applies across the board, regardless of the type of sex crime initially committed or the basis for the subsequent felony conviction. Thus, the Court grants Defendants' motion to dismiss this count.

B. Double Jeopardy and Ex Post Facto

The double jeopardy clause "prohibits multiple criminal punishments for the same offense." *Dye v. Frank*, 355 F.3d 1102, 1103 (7th Cir. 2004) (citing U.S. Const. Amend. V). But the registration requirement is not punitive and thus does not violate the prohibition against double jeopardy. *See, e.g., Steward v. Folz*, 190 F. App'x 476, 479 (7th Cir. 2006) ("[W]hen a sex offender registry like Indiana's is enacted as a civil, non-punitive notification scheme, mandatory registration of convicted sex offenders does not constitute a criminal punishment in violation of the double jeopardy clause."); *Ill. v. Malchow*, 739 N.E.2d 433, 442 (Ill. App. Ct. 2000) ("As we have held that the Registration Act [SORA] and the Notification Law are not punitive, we must reject this [double jeopardy] claim.").

For the same reason, SORA does not "trigger the constitutional prohibition of ex post facto laws." *Mueller v. Raemisch*, 740 F.3d 1128, 1133 (7th Cir. 2014). The fact that Plaintiff is subject to continued registration as a result of the theft conviction does not alter the fact that courts have held the registration requirement to be non-punitive.

C. Parties

Defendants also argue that Governor Rauner and Attorney General Lisa Madigan are not proper parties. The Court agrees with respect to Governor Rauner. *See Ill. League of Advocates for the Developmentally Disabled v. Quinn*, No. 13 C 1300, 2013 WL 5548929, at *4 (N.D. Ill. Oct. 8, 2013) ("A theory of liability predicated on a governor's general obligations as the executive of the State cannot avoid the consequences of the Eleventh Amendment."). However, because Lisa Madigan as the Attorney General of Illinois has broad power to enforce the laws of the state, and failure to register could lead to the imposition of a fine on or imprisonment of Plaintiff, the Court finds the Attorney General to be a proper defendant. *See, e.g., Baskin v. Bogan*, 12 F. Supp. 3d 1144 (S.D. Ind.) *aff'd*, 766 F.3d 648 (7th Cir. 2014) ("Because the Attorney General has broad powers in the enforcement of such criminal statutes, he has a sufficient connection and role in enforcing such statutes for purposes of *Ex Parte Young*, 209

3

U.S. [123] at 157 [(1908)].")  To the extent that Plaintiff seeks damages, he acknowledges that compensatory damages are not available when state defendants are sued in their official capacity. *McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1050-51 (7th Cir. 2013) ("[C]ourts may enjoin ongoing behavior by state officials that violates federal law.  They may also order state officials to act in a certain manner going forward that may cost the state money to implement.  They may not, however, direct a state to make payments . . . to remedy a past injury to a private party.") Therefore, Governor Rauner is dismissed as a defendant, and Plaintiff's request for damages is stricken.

V.	Conclusion

For the reasons stated above, the Court grants Defendants' motion to dismiss.  Civil case terminated.

July 20, 2016

_____
**Ronald A. Guzmán
United States District Judge**